UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON RANCHERIA OF POMO INDIANS OF CALIFORNIA,<br><br>    Plaintiff,<br><br>v.<br><br>JOLENE CRAWFORD,<br><br>    Defendant. | Case No. CV 11 0590 WHA<br><br>JUDGMENT<br><br>[Fed. R. Civ. P. 58] |

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and the Stipulation for Entry of Judgment entered into by the parties in the above entitled case, the Court enters judgment in this case as follows:

1. The parties are ordered to carry out all of the terms and conditions set forth in the Stipulation for Entry of Judgment entered into by the parties on August 3, 2011, a copy of which is hereby incorporated by this reference as if set forth here in full

2. Defendant, Jolene Crawford, and her children shall vacate the premises on the Robinson Rancheria ("Reservation") located at 3007 Quailtop Trail, Nice, California 95464 ("Premises").

3. On or after September 16, 2011, if the defendant, or any of her children remains in possession of the Premises, or if the defendant and her children vacate the Premises but

move into another home located on the Reservation, they shall be deemed a trespasser and shall be subject to the following:

    a. The defendant, and her children shall be removed by the United States Marshal or, if deemed appropriate by the Marshal, any local law enforcement personnel;

    b. The defendant and her children shall not return to the Reservation without the prior written approval of the Robinson Rancheria Citizens Business Council (failure to be in possession of such authorization will be grounds for arrest by any person with the authority to make an arrest under the laws of the United States, the State of California, or the Robinson Rancheria ("Tribe") for criminal trespass pursuant to California Penal Code §§ 602(k) *(l)* and 602(*l*), and contempt of court for violating this order);

    c. Any personal property ("Property") of the defendant, including, but not limited to, vehicles and personal effects, remaining at the Premises or on the Reservation shall be deemed abandoned and shall be disposed of in accordance with the applicable laws. However, in no instance shall the defendant possess a right of redemption or any interest in the Property once it is deemed abandoned;

    d. In accordance with Fed. R. Civ. P. Rule 70, the defendant shall incur the costs of her ejectment from the Premises and/or the Reservation, including, but not limited to, the costs of removing any abandoned property above and beyond any monies received from any liquidation of such property. However, neither the Tribe nor the Tribe's designee shall have the duty to liquidate any abandoned property to mitigate any of defendant's costs.

4. The United States Marshal is ordered to carry out the terms and provisions of this Judgment if Crawford has not vacated the Premises on or before September 15, 2011.

**The Clerk shall close the file.**

DATED: August 11, 2011

_____
WILLIAM H. ALSUP
United States District Court Judge